■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEROY FOSTER, Appellant.— COOKE, J. Appeal from a judgment of the County Court of Albany County, rendered October 24, 1968, convicting defendant on his plea of guilty of two counts of murder in violation of subdivision 1 of section 125.25 of the Penal Law. The plea was subsequent to a suppression hearing, at the conclusion of which it was held that proper *Miranda* warnings had been given, that the statements given by defendant were voluntary and that defendant suffered no infringement of his constitutional rights. There was an evidentiary showing: that on July 30, 1968 officer Tucker of the Albany Police Department was dispatched to a grill in that city where he learned from the proprietor and a patron, " Smitty ", that defendant, another patron, had been stating that he " did somebody in "; that " Smitty " told Tucker that he could show him something if the officer would accompany him across the street to defendant's apartment; that Tucker told a second policeman, Pinto, to keep defendant under surveillance but both officers testified that defendant was free to leave the bar at all times and that he would not have been restrained had he chosen to do so; that Tucker, accompanied by " Smitty ",

discovered the body of Thomas Manhouse in the apartment; that about the same time defendant approached Pinto and asked the latter to accompany him to his apartment; that, when they entered, Tucker told Pinto of his discovery and defendant said " Yes, he's dead, I killed him "; and that defendant then was arrested and advised of his constitutional rights of silence and advice of counsel. It was also proven: that, while being placed in a patrol wagon, defendant told Pinto and another policeman that he had killed a second man and would show them the body; that at police headquarters defendant was again advised of his constitutional rights by Captain Mooney and then led police to a brush covered area and to the body of Theodore Hilsman; that a state police investigator came to the scene, advised defendant of his constitutional rights and was told by defendant that he had driven the victim to the site two days before and killed him; and that, upon returning to headquarters, defendant gave three written confessions to the crimes, after first being informed of his constitutional rights to silence, advice of counsel and appointment of counsel. Of course, *Miranda* v. *Arizona* (384 U. S. 436) does not purport to find all confessions inadmissible; it proscribes certain confessions induced by " questioning " while in custody (*People* v. *Kaye,* 31 A D 2d 536). Defendant's inculpatory assertion in the apartment, regarding the Manhouse murder, was freely given and not the product of interrogation, so as to have been admissible as a " volunteered " statement (*People* v. *Cerrato,* 24 N Y 2d 1, 9; *People* v. *R. N.,* 23 N Y 2d 963; *People* v. *Torres,* 21 N Y 2d 49, 54), as was the case in respect to his declaration while being placed in the patrol wagon, concerning the other murder. The record demonstrates that the police scrupulously advised appellant of his rights at every significant stage of the arrest and interrogation and the County Judge quite properly denied the motion to suppress the oral and written statements. Judgment affirmed. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Cooke, J.